_____



SO ORDERED,

Judge Jason D. Woodard

United States Bankruptcy Judge

The Order of the Court is set forth below. The case docket reflects the date entered.
_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| KAREN L. MARTIN, | ) | Case No.:   13-12528-JDW |
| | ) | |
| Debtor. | ) | Chapter:   13 |

_____

| | | |
|---|---|---|
| KAREN L. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | A.P. No.:   14-01058-JDW |
| | ) | |
| QUANTUM3 GROUP, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *Motion to Dismiss Adversary Proceeding* and *Brief in Support of the Motion to Dismiss*

1

(collectively, the "Motion")(A.P. Dkt. # 4, 10),[1] filed in the above-styled adversary proceeding by defendant Quantum3 Group (the "Defendant"). The debtor-plaintiff Karen L. Martin (the "Plaintiff") filed a *Response to Motion to Dismiss* with an accompanying *Brief in Support of the Response to Motion to Dismiss* (collectively, the "Response")(A.P. Dkt. # 9). The Defendant filed a reply brief on November 5, 2014 (the "Reply")(A.P. Dkt. # 10). An initial hearing was held on November 14, 2014, at which time counsel for the respective parties appeared and presented argument.

This adversary proceeding is based on the Defendant's filing of an allegedly time-barred proof of claim in the Plaintiff's underlying bankruptcy case. In her complaint, the Plaintiff alleges that the Defendant's actions in filing a proof of claim for a time-barred debt are in violation of the Fair Debt Collection Practices Act ("FDCPA"), found at 15 U.S.C. § 1692 (the "Complaint")(A.P. Dkt. # 1). At the November hearing, the Court determined that it should resolve the threshold issue of the applicable statute of limitations for the debt at issue before considering the applicability of the FDCPA. The parties filed a joint stipulation of facts regarding the statute of limitations issue (A.P. Dkt. # 14), but both parties declined to file a supplemental brief. The Court took the statute of limitations issue under

---

[1] Citations to the main bankruptcy docket will be in the form of "Bankr. Dkt. # ____," and citations to the adversary proceeding docket will be in the form of "A.P. Dkt. # ____."

2

advisement and then issued a Memorandum Opinion and Order, concluding that because the Mississippi statute of limitations applied to the debt, the proof of claim was time-barred and due to be disallowed (A.P. Dkt. # 15). Accordingly, the Motion to Dismiss was denied, in part, as to the statute of limitations issue, and a hearing on the FDCPA issue was set for May 13, 2015, and later continued to June 10, 2015, at the request of the parties (A.P. Dkt. # 23).

On the Defendant's motion, the Court entered an order permitting supplemental briefing only as to the FDCPA issue (A.P. Dkt. # 20), and the Defendant filed a supplemental brief on April 29, 2015 (A.P. Dkt. # 22). The hearing on the Motion regarding the FDCPA issue was held on June 10th, at which time counsel for the respective parties appeared and presented argument. At the conclusion of the hearing, the Court took the matter under advisement.

In the Complaint, Plaintiff alleges that the Defendant's filing of a time-barred proof of claim constitutes a violation of the FDCPA. The Defendant seeks dismissal of this adversary proceeding, arguing in the Motion that the FDCPA does not apply in bankruptcy cases, because the provisions of Title 11 of the United States Code (the "Bankruptcy Code") preclude it. The Defendant further argues that even if the FDCPA is not entirely precluded by the Bankruptcy Code, the filing of an otherwise valid, but time-barred, proof

of claim in a bankruptcy case does not violate the FDCPA. For the reasons set forth below, the Motion is due to be granted.

## I. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157(a) and 1334(b) and the United States District Court for the Northern District of Mississippi's Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc Dated August 6, 1984. This is a core proceeding arising under Title 11 of the United States Code as defined in 28 U.S.C. § 157(b)(2)(A), (B), (C) and (O).

## II. LEGAL STANDARD

The Motion was filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure[2] for the Complaint's alleged failure to state a claim upon which relief can be granted. In evaluating whether a complaint fails to state a claim, the Court must construe the Complaint liberally in favor of the plaintiff as the non-moving party and assume the truth of all well-pleaded facts. *Stokes v. Gann,* 498 F.3d 483, 484 (5th Cir. 2007). The Court must assess the Motion only on "the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). In order to

---

[2] Rule 12 of the Federal Rules of Civil Procedure is made applicable to adversary proceedings by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure.

4

survive a motion to dismiss, "a plaintiff must plead sufficient 'facts to state a claim to relief that is plausible on its face.'" *Ferguson v. Bank of New York Mellon Corp.*, --- F.3d ---, 2015 WL 5751436 at *1 (5th Cir. Oct. 1, 2015)(citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662, 677 (2009)).

The parties agree on the facts of this case. In its prior order, the Court concluded that the Mississippi statute of limitations applies and the debt in question is time-barred. The remaining issue -- whether or not the filing of a proof of claim for an otherwise accurate, but time-barred, debt constitutes a violation of the FDCPA -- is solely a question of law. As set forth in more detail below, the Court concludes that the Bankruptcy Code precludes the FDCPA with regard to otherwise accurate, but time-barred, proofs of claim. Accordingly, even taking all of the allegations of the Complaint as true and in the light most favorable to the Plaintiff, the Complaint fails to state a claim upon which relief may be granted, and the Motion is due to be granted.

### III.   ANALYSIS

This case concerns "a comparison of the obligations imposed by one statute [the FDCPA] with the rights conferred by another [the Bankruptcy Code]." *Johnson v. Midland Funding, LLC,* 528 B.R. 462, 471 (Bankr. M.D. Ala. 2015). As in *Johnson*, the Plaintiff is "insisting that the Defendant comply with the [FDCPA] by surrendering its right under the [Bankruptcy]

5

Code to file a proof of claim on a time-barred debt."[3] This creates an irreconcilable conflict between the statutes with regard to this issue, and thus the FDCPA is precluded by the Bankruptcy Code in this limited instance, and this adversary proceeding will be dismissed.

### A. FDCPA

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(k). Among other things, the FDCPA prohibits debt collectors from using "any false, deceptive or misleading representation or means in connection with the collection of any debt,"[4] including "the threat to take any action that legally cannot be taken,"[5] as well as using "unfair or unconscionable means to collect or attempt to collect any debt."[6] "The FDCPA does not prohibit *all* debt collection

---

[3] *Id.* Although the effect of the expiration of the statute of limitations may be different under Mississippi law than under the Alabama law cited in *Johnson*, it does not change the analysis of the application of the FDCPA. The Bankruptcy Code permits a creditor to file a time-barred proof of claim, without reference to the differences in state laws regarding the effect of the expiration of the statute of limitations. 11 U.S.C. § 501(a).

[4] 15 U.S.C. § 1692e.

[5] 15 U.S.C. § 1692e(5).

[6] 15 U.S.C. § 1692e(10).

6

practices," just those that are false, misleading, deceptive, unfair, or unconscionable. *Gatewood v. CP Medical, LLC (In re Gatewood)*, 533 B.R. 905, 910 (B.A.P. 8th Cir. 2015). The FDCPA protects "unsophisticated consumers from unscrupulous debt collectors," while the Bankruptcy Code provides different protections that are unavailable to debtors outside of bankruptcy. *Id.* at 909 (citing *Dunaway v. LVNV Funding, LLC (In re Dunaway)*, 531 B.R. 267, 273 (Bankr. W.D. Mo. 2015)). In considering the applicability of the FDCPA to actions taken by creditors in and during a debtor's bankruptcy case, a court must first decide whether or not the Bankruptcy Code precludes application of the FDCPA in bankruptcy cases altogether.

### B. Preclusion, Generally

The fundamental question in deciding whether or not the FDCPA is entirely precluded by the Bankruptcy Code is whether or not the enactment of the Bankruptcy Code implicitly repealed the FDCPA in bankruptcy cases. As a general rule, "repeals by implication are not favored." *Posadas v. Nat'l City Bank of New York*, 296 U.S. 497, 503 (1936). Instead, "[t]he whole question depends on the intention of [C]ongress as expressed in the statutes." *United States v. Mitchell*, 109 U.S. 146, 150 (1883). "An implied repeal will only be found where provisions in two statutes are in 'irreconcilable conflict,' or where the latter Act covers the whole subject of the earlier one and 'is

7

clearly intended as a substitute.'" *Branch v. Smith*, 538 U.S. 254, 273 (2003) (quoting *Posadas*, 296 U.S. at 503).

### C. Circuit Split as to Preclusion of FDCPA in Bankruptcy

Four Circuit Courts of Appeals have addressed the question of whether the Bankruptcy Code generally precludes application of the FDCPA in bankruptcy cases. Although the Fifth Circuit has yet to decide the question, the opinions of those courts that have considered the issue provide considerable guidance.

#### 1. Bankruptcy Code Generally Precludes FDCPA.

Two Circuit Courts of Appeals have resolved the question in favor of preclusion. First, the Ninth Circuit Court of Appeals held that the FDCPA was precluded by the Bankruptcy Code, and thus is inapplicable within a bankruptcy case. *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502 (9th Cir. 2002). The court concluded that since the debtor's FDCPA claim was based on an alleged violation of the § 524 discharge injunction, she was limited to the remedy provided by the Bankruptcy Code for violation of § 524: civil contempt under § 105. *Id.* at 510. In so holding, the court observed without citation that Congress "inten[ded] to create a whole system under federal control . . . to adjust all of the rights and duties of creditors" and debtors. *Id.* The court concluded that once a debtor files bankruptcy, the debtor's

8

"protection and remedy" for abusive creditor actions within the bankruptcy case are solely provided by the Bankruptcy Code. *Id.*

Similarly, the Second Circuit Court of Appeals also concluded that a debtor's remedies for a creditor's abusive actions in a bankruptcy case are limited to those remedies provided by the Bankruptcy Code. *Simmons v. Roundup Funding, LLC*, 622 F.3d 93, 96 (2nd Cir. 2010). Specifically, the Second Circuit held that the filing of an invalid proof of claim cannot form a basis for relief under the FDCPA. In so holding, the court reasoned that "[b]ankruptcy provides remedies for wrongfully filed proofs of claim. It is beyond cavil that past bankruptcy practice, as well as explicit Bankruptcy Code provisions have left the remedy for fraudulent and otherwise defective proofs of claim to the Bankruptcy Code." *Id.* at 96. (internal quotation marks and citation omitted). The court noted that the FDCPA is intended to protect against abusive collection practices, but that a debtor in bankruptcy court needs no such additional protection, as the claims process is "highly regulated and court controlled." *Id.* "There is no need to protect debtors who are already under the protection of the bankruptcy court, and there is no need to supplement the remedies afforded by bankruptcy itself." *Id.*

### 2. Bankruptcy Code Does Not Necessarily Preclude FDCPA.

Conversely, the other two Circuit Courts of Appeals considering this issue have determined that application of the FDCPA in bankruptcy cases is

not necessarily precluded by the Bankruptcy Code. First, the Third Circuit Court of Appeals held that "there is no categorical preclusion of FDCPA claims" within the bankruptcy setting. *Simon v. FIA Card Services, N.A.*, 732 F.3d 259, 274 (3rd Cir. 2013). In *Simon*, a creditor sent a letter to the debtors, stating that it was contemplating filing a nondischargeability action in the debtors' bankruptcy, unless the debtors either agreed that the debt was nondischargeable or paid a reduced amount to settle the debt. *Id.* at 263. In addressing whether or not the FDCPA was precluded by the Bankruptcy Code, the *Simon* court engaged in a detailed analysis of the canons of statutory interpretation, and concluded that there was no express preclusion.

Instead, the court emphasized that statutory interpretation mandates the coexistence of statutes absent some clear Congressional directive otherwise. *Simon*, 732 F.3d at 274. The court explained that "[t]his approach is consistent with Supreme Court precedents recognizing a presumption against the implied repeal of one federal statute by another. '[W]hen two statutes are capable of coexistence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective.'" *Id.* at 274 (quoting *J.E.M. Ag Supply, Inc. v. Pioneer Hi–Bred Intern., Inc.,* 534 U.S. 124, 143–44 (2001)).

Despite finding that there was no *categorical* preclusion, the *Simon* court acknowledged that when a conflict arises between the FDCPA and the

10

Bankruptcy Code -- such as when a debt collector's action is required by the FDCPA but prohibited by the Bankruptcy Code -- the conflict should be resolved in favor of the Bankruptcy Code. *Simon*, 732 F.3d at 279-80. The court ruled that the debtors did not have an FDCPA claim for the creditor's failure to include in its letters and Rule 2004 examination subpoenas the FDCPA-required "mini-*Miranda*" warning failed, because the Bankruptcy Code prohibited such actions. *Id.* Application of the FDCPA was thus precluded in that instance. *Id.*

Similarly, the Seventh Circuit Court of Appeals has also held that the Bankruptcy Code does not necessarily preclude application of the FDCPA. In *Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir. 2004), the Seventh Circuit concluded that the FDCPA provision concerning strict liability for violations of the Act did not irreconcilably conflict with a Code provision that imposed a heightened "willfulness" standard for a party attempting to collect from a debtor in bankruptcy. *Id.* at 730. Considering how to apply the FDCPA and the Bankruptcy Code together, the court noted that "one federal statute does not preempt another." *Id.* (citing *Baker v. IBP, Inc.,* 357 F.3d 685, 688 (7th Cir.2004)). Instead, "[w]hen two federal statutes address the same subject in different ways, the right question is whether one implicitly repeals the other—and repeal by implication is a rare bird indeed." *Id.* (citing *Branch v.*

11

*Smith,* 538 U.S. 254, 273 (2003); *J.E.M. AG Supply, Inc. v. Pioneer Hi–Bred International, Inc.,* 534 U.S. 124, 141–44 (2001) (collecting authority)).

### D. Preclusion Analysis

As between the provisions of the Bankruptcy Code and those of the FDCPA, there is no clear or expressed Congressional intention of repeal. The FDCPA does not mention bankruptcy or refer to the Bankruptcy Code at all. Further, this Court cannot find that the two statutes are entirely in "irreconcilable conflict," and it is equally clear that the latter act (the Bankruptcy Code) does not cover the whole subject of the earlier (the FDCPA). Accordingly, the Court concludes that the Bankruptcy Code did not impliedly repeal the FDCPA as applied to bankruptcy cases in its entirety. As explained by the Seventh Circuit, "[w]hether overlapping and not entirely congruent remedial systems can coexist is a question with a long history at the Supreme Court, and an established answer: yes." *Randolph*, 368 F.3d at 731.

The analysis is more nuanced than that. Rather than making a sweeping assertion that the Bankruptcy Code does or does not preclude or repeal the FDCPA in its entirety with regard to bankruptcy cases, the proper analysis is whether there is irreconcilable conflict between those two statutes as to the limited issue before the Court.

1. Eleventh Circuit Court of Appeals

In a case factually analogous to the one before this Court, the Eleventh Circuit held that a debt collector's filing of a time-barred proof of claim constituted a violation of the FDCPA. *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254 (11th Cir. 2014). It is important to note, however, that the *Crawford* court specifically declined to consider whether the Bankruptcy Code precludes the FDCPA in the bankruptcy context, because neither party raised that issue. The creditor only argued that its conduct did not fall under the FDCPA, or, alternatively, that it did not violate the FDCPA. *Id.* at 1262, n.7 ("The Court also declines to weigh in on a topic the district court artfully dodged: Whether the Code "preempts" the FDCPA when creditors misbehave in bankruptcy…"). Because the Eleventh Circuit specifically declined to address the issue before this Court -- the preclusive effect of the Bankruptcy Code on application of the FDCPA in bankruptcy cases -- *Crawford* is of limited value in the Court's analysis at this threshold stage.[7]

---

[7] If the Court were to find that the FDCPA was not precluded with regard to time-barred proofs of claims, then the Court would likely follow the *Crawford* court's analysis and find that the filing of a time-barred claim is a violation of the FDCPA. The Eleventh Circuit used a "least-sophisticated consumer" standard to evaluate "whether [the] debt collector's conduct [was] 'deceptive,' 'misleading,' 'unconscionable,' or 'unfair'" under the FDCPA. *Crawford*, 758 F.2d at 1258. The Fifth Circuit employs a similar test, evaluating potential deception under an "unsophisticated or least sophisticated consumer standard," where the debtor is assumed to be neither experienced nor "tied to the very last rung on the intelligence or sophistication ladder." *Goswami v. American Collections Enterprise, Inc.*, 377 F.3d 488, 495 (5th Cir. 2004)(internal quotation marks omitted); *see also Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997)(expressly declining to choose between the "least-sophisticated consumer" test and the

## 2. Time-Barred Proofs of Claim

While the Court has concluded that the Bankruptcy Code does not entirely preclude application of the FDCPA in bankruptcy cases, the Court must now address the narrow question of whether the FDCPA is precluded with regard to the filing of an otherwise accurate, but time-barred, proof of claim.[8] This narrow question is an issue of first impression in this Court.[9]

In considering whether an FDCPA claim may be predicated on the filing of a proof of claim for an otherwise accurate, but time-barred debt, this Court follows numerous other courts in finding that it cannot.[10] Even though it may be possible for the FDCPA to apply within a bankruptcy case, and

---

"unsophisticated consumer" test, noting that they serve the same purpose and would lead to the same result in most cases).

[8] The Plaintiff did not raise any other basis for an FDCPA violation in its Complaint, so the Court need not consider whether or not any other deficiencies or errors in a proof of claim may violate the FDCPA.

[9] In a case in which a debtor filed an adversary proceeding against a creditor for allegedly violating the FDCPA by filing of a proof of claim for a debt that had been discharged in a prior bankruptcy, this Court did hold broadly that an "FDCPA claim cannot be premised on proofs of claim filed during the bankruptcy proceeding." *In re Gilliland*, 386 B.R. 622, 623 (Bankr. N.D. Miss. 2008)(relying on *Gray-Mapp v. Sherman,* 100 F.Supp.2d 810, 813 (N.D. Ill. 1999)). *Gray-Mapp* has since been overruled by the Seventh Circuit in the *Randolph* case. *Taylor v. Galaxy Asset Purchasing, Inc.*, --- F.Supp.3d ---, 2015 WL 3645668, n.1 (N.D. Ill. June 11, 2015). The case law has developed more fully since *Gilliland,* and the Court agrees with the recent trend of a more case-specific approach to this issue and thus declines to consider scenarios that are not before it.

[10] *See, e.g., Gatewood v. CP Medical, LLC, (In re Gatewood)*, 533 B.R. 905 (B.A.P. 8th Cir. 2015); *Donaldson v. LVNV Funding, LLC,* --- F.Supp.3d ---, 2015 WL 1539607 (S.D.Ind. Apr. 7, 2015); *Torres v. Cavalry SPV I, LLC,* 530 B.R. 268 (E.D.Pa. 2015); *B–Real, LLC v. Rogers,* 405 B.R. 428 (M.D.La. 2009); *Broadrick v. LVNV Funding, LLC (In re Broadrick),* 532 B.R. 60 (Bankr.M.D.Tenn. 2015); *Jenkins v. Genesis Fin. Solutions (In re Jenkins),* 456 B.R. 236 (Bankr.E.D.N.C. 2011); and *Jacques v. U.S. Bank N.A. (In re Jacques),* 416 B.R. 63 (Bankr.E.D.N.Y. 2009).

perhaps even to the filing of a proof of claim, it does not apply to prohibit the filing of time-barred claims.

The Bankruptcy Code permits creditors to file time-barred claims. 11 U.S.C. § 502. A debtor may contest a creditor's claim through the claims objection process provided under the Bankruptcy Code and Rules. *In re McGregor*, 398 B.R. 561 (Bankr. N.D. Miss. 2008)(holding that the claims objection process was the proper way to address a time-barred proof of claim, rather than an adversary proceeding seeking damages for violation of the automatic stay). Accordingly, when an otherwise accurate proof of claim is filed on a time-barred debt, the Bankruptcy Code precludes application of the FDCPA. The debt collector's conduct in this instance is contemplated by the Bankruptcy Code, which also provides a sufficient remedy to the debtor. The FDCPA cannot apply to punish a debt collector for something it is allowed to do by the Bankruptcy Code.

"Where provisions in the two acts are in irreconcilable conflict, the later act to the extent of the conflict constitutes an implied repeal of the other one." *EC Term of Years Trust v. United States*, 550 U.S. 429, 435 (2005)(citation omitted). The FDCPA was enacted in 1977 and "has not been amended in any relevant respect since." *Johnson,* 528 B.R. at 470. The first iteration of the current Bankruptcy Code was enacted in 1978. *Id.* In the case of an

15

irreconcilable conflict between the two, the FDCPA must yield to the Bankruptcy Code. *Id.* This is one of those instances.

Because the FDCPA is precluded in this instance, the Court need not consider whether the filing of a proof of claim constitutes "actual litigation" or the "threat of litigation," which is an element of a violation of the FDCPA. *See, Castro v. Collecto, Inc.*, 634 F.3d 779, 783 (5th Cir. 2011)("[T]hreatening to sue on a time-barred debt may well constitute a violation of the FDCPA."). In addition, the Court need not address whether or not the filing of a proof of claim is a "collection activity" as contemplated by the FDCPA. One court concluded that

> [T]he Bankruptcy Code itself contemplates a creditor filing a proof of claim on a time-barred debt and the Bankruptcy Court disallowing such claim after objection from the debtor. It is difficult for this Court to understand how a procedure outlined by the Bankruptcy Code could possibly form the basis of a violation under the FDCPA.

*B–Real, LLC v. Rogers,* 405 B.R. 428, 431–32 (M.D. La. 2009). This Court agrees.

In addition, the Court concludes that the filing of a time-barred proof of claim cannot serve as the basis for an FDCPA violation, as the running of a statute of limitations is an affirmative defense and not "part of the affirmative claim." *Johnson,* 528 B.R. at 469 *(citing In re Kuffler*, 153 F. 667, 668)(E.D. N.Y. 1907)). In this case, before even considering the issue at hand,

16

the Court first had to apply a choice-of-law analysis to determine which statute of limitations applied, and then decide whether or not that statute of limitations had run.

> Because the statute of limitations is an affirmative defense, a debtor is indeed burdened by the requirement that an objection be filed to a proof of claim that is, on its face, clearly time-barred. In deeming uncontested proofs of claim which otherwise comply with the [Bankruptcy] Code and [Bankruptcy] Rules prima facie valid and allowed, Congress and rule-makers arguably elevated the need for efficiency in bankruptcy cases too far. But while we understand a debtor's procedural predicament, any solution must come via an amendment to the Code and Rules, not by resort to an action under FDCPA.

*In re Chaussee*, 399 B.R. 225, 240 n.16 (B.A.P. 9th Cir. 2008); *see also In re Williams*, 392 B.R. 882, 886 (Bankr. M.D. Fla. 2008)("The creditor's right to file a claim is not impacted by whether the statute of limitations had run, as the debtor must raise the statute of limitations issue as an affirmative defense, and even then the court still must determine whether it has tolled and run." ).

## IV. CONCLUSION

In the absence of Fifth Circuit precedent on the broader issue of whether the FDCPA is entirely precluded by the Bankruptcy Code, the Court views the preclusion analysis to be more nuanced than a strict application of a categorical bar. In considering whether the FDCPA is precluded in a specific bankruptcy case, the Court must engage in a case-by-case

17

examination of the application of those laws to the facts at hand, while being mindful of the strong preference for the coexistence of the statutes where possible.

As eloquently stated by Judge Randal S. Mashburn of the United States Bankruptcy Court for the Middle District of Tennessee:

> Using an unnecessarily sweeping interpretation of the FDCPA to find even an accurate proof of claim, albeit based on a stale debt, to be a violation of the FDCPA runs counter to the Supreme Court's "cardinal principle of construction" to give effect to both laws. However, finding that the bankruptcy claims process is so contradictory to the FDCPA protections that the FDCPA must be essentially ignored in every bankruptcy situation likewise violates that important principle.
>
> Thus, this Court rejects the holding in *Crawford* and finds that not every filing of a proof of claim on a stale claim is automatically a violation of the FDCPA. However, going to the other extreme and finding, as *Simmons* did, that the laws are so inconsistent that the FDCPA can never be applied in the bankruptcy claims setting would be just as contrary to the goal of making the two laws work together to the extent possible.

*Broadrick v. LVNV Funding, LLC (In re Broadrick)*, 532 B.R. 60, 75 (Bankr. M.D. Tenn. 2015).

In this adversary proceeding, the Plaintiff has not alleged any violation of the FDCPA based on the Defendant's proof of claim other than the fact that the statute of limitations has run for the enforcement of the debt represented by the proof of claim. For the reasons set forth above, the

18

FDCPA is precluded by the Bankruptcy Code with regard to a creditor's filing of an otherwise accurate, but time-barred, proof of claim. Accordingly, the Complaint fails to state a claim upon which relief may be granted, and the Motion is well-taken. It is therefore

**ORDERED, ADJUDGED, and DECREED** that the Motion is **GRANTED,** and this adversary proceeding is **DISMISSED, with prejudice.**